UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| AHMAD KHOLBEKOV, ADIL ERBABAEV, individually and on behalf of all others similarly situated,<br><br>                    Plaintiffs,<br><br>- against –<br><br>AT HOME SOLUTIONS, LLC.<br>                              Defendant. | 16-cv-7162 (RRM) (SMG) |

## PLAINTIFFS MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................4

I.     BACKGROUND.................................................................................................6

     A.    Allegations of the Complaint ................................................................6

     B.    Procedural History................................................................................6

II.    THE TERMS OF THE PROPOSED SETTLEMENT.......................................7

     A.    Settlement Consideration ......................................................................7

     B.    Attorneys' Fees and Litigation Costs ..................................................7

     C.    Plaintiffs' Service Awards ...................................................................7

     D.    Timing of Settlement Payments ...........................................................8

     E.    Settlement Allocation Formula ............................................................8

     F.    Settlement Claims Administrator and Notice to Class Members.................9

     G.    Eligible Employees ..............................................................................9

     H.    Release of Claims ................................................................................9

III.   CLASS ACTION SETTLEMENT IS APPROPRIATE ..................................10

     A.    Procedure for Class Action Settlement ..............................................10

     B.    Preliminary Approval of the Settlement Is Appropriate ....................12

     C.    The Settlement Is Fair, Reasonable and Adequate.............................13

          1.    Litigation Would Be Complex, Costly, and Long (*Factor 1*). ........13

          2.    The Reaction to the Settlement Has Been Positive (*Factor 2*)........14

          3.    Sufficient Discovery Has Occurred to Responsibly Settle (*Factor 3*) ......................................................................14

          4.    Plaintiff Would Face Real Risks at Trial (*Factors 4 and 5*) ..........15

5.   Maintaining the Class Through Trial Would Not be Simple
(*Factor 6*) .................................................................................. 16

6.   Defendant's Ability to Withstand a Greater Judgment
Is Not Clear (*Factor 7*) ................................................................ 16

7.   The Settlement Fund Is Substantial, Even in Light of the
Best Possible Recovery and Attendant Risks of Litigation
(*Factors 8 and 9*) ........................................................................ 17

IV.   PROVISIONAL CERTIFICATION OF THE RULE 23 CLASS IS
APPROPRIATE………………………………………………………………...18

A.   Numerosity............................................................................................ 19

B.   Commonality.........................................................................................20

C.   Typicality ..............................................................................................20

D.   Adequacy of Named Plaintiff .............................................................. 20

E.   Certification Is Proper Under Rule 23(b)(3) ........................................ 21

1.   Common Questions Predominate ................................................ 21

2.   A Class Action Is a Superior Mechanism ....................................22

V.   PLAINTIFF'S COUNSEL SHOULD BE APPOINTED AS
CLASS COUNSEL.......................................................................................... 23

VI.   THE PROPOSED NOTICE AND AWARD DISTRIBUTION ARE FAIR .......... 23

CONCLUSION.................................................................................................................. 24

**TABLE OF AUTHORITIES**

**Cases**

Amchem Prods. Inc. v. Windsor,
     521 U.S. 591 (1997) ................................................................................................. 21

Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.,
     222 F.3d 52 (2d Cir. 2000) ...................................................................................... 21

Cagan v. Anchor Sav. Bank FSB,
     88 Civ. 3024, 1990 WL 73423 (E.D.N.Y. May 22, 1990) ...................................... 16

City of Detroit v. Grinnell Corp.,
     495 F.2d 448 (2d Cir. 1974) ........................................................................... 9, 10, 11

Clark v. Ecolab, Inc.,
     Nos. 07 Civ 8623 (PAC), 04 Civ. 4488 (PAC), 06 Civ. 5672 (PAC), 2009 WL 6615729
     (S.D.N.Y. Nov. 27, 2009) ......................................................................................... 8, 9

Cordes & Co. Fin. Servs., Inc. v. A.G. Edwards & Sons, Inc.,
     502 F.3d 91 (2d Cir. 2007) ....................................................................................... 21

Diaz v. E. Locating Serv. Inc.,
     10 Civ. 4082 (JCF), 2010 WL 5507912 (S.D.N.Y. Nov. 29, 2010) ........................ 18

Frank v. Eastman Kodak Co.,
     228 F.R.D. 174 (W.D.N.Y. 2005) ..................................................................... passim

Gen. Tel. Co. of SW v. Falcon,
     457 U.S. 147 (1982) .................................................................................................. 19

Green v. Wolf Corp.,
     406 F.2d 291 (2d Cir. 1968) ..................................................................................... 22

In re EVCI Career Colls. Holding Corp. Sec. Litig.
     05 Civ. 10240 (CM), 2007 WL 2230177 (S.D.N.Y. July 27, 2007) .......................... 9

In re Austrian & German Bank Holocaust Litig.,
     80 F. Supp. 2d 164 (S.D.N.Y. 2000) .............................................................. 10, 12, 14, 15

In re Warfarin Sodium Antitrust Litig.,
     391 F.3d 516 (3d Cir. 2004) ..................................................................................... 12

Johnson v. Brennan,
     Not Reported in F. Supp. 2d, 2011 WL 4357376 (S.D.N.Y. Sept. 16, 2011) .......... 18

Khait v. Whirlpool Corporation,
    06 Civ. 6381 (ALC), 2010 WL 2025106 (E.D.N.Y. Jan. 20, 2010) .........................................22

Marriott v. Cnty. of Montgomery,
    227 F.R.D. 159 (N.D.N.Y. 2005). ..........................................................................................21

McBean v. City of New York,
    228 F.R.D. 487 (S.D.N.Y. 2005)............................................................................................22

Novella v. Westchester County,
    443 F. Supp. 2d 540 (S.D.N.Y. 2006). ...................................................................................19

Officers for Justice v. Civil Serv. Comm'n of City & Cnty. of San Francisco,
    688 F.2d 615 (9th Cir. 1982)...................................................................................................16

Port Auth. Police Benev. Ass'n, Inc. v. Port Auth. of N.Y. & N.J.,
    698 F.2d 150 (2d Cir. 1983). ..................................................................................................19

Puglisi v. TD Bank, N.A.,
    13 Civ. 637 (LDW) (GRB), 2015 WL 574280 (E.D.N.Y. Feb. 9, 2015) ...................................9

Reade-Alvarez v. Eltman, Eltman & Cooper, P.C.,
    237 F.R.D. 26 (E.D.N.Y. 2006) ..............................................................................................19

Reyes v. Buddha-Bar NYC,
    08 Civ. 02494 (DF), 2009 WL 5841177 (S.D.N.Y. May 28, 2009) .........................................20

Robidoux v. Celani,
    987 F.2d 931 (2d Cir. 1993)....................................................................................................20

Torres v. Gristede's Corp.,
    04 Civ. 3316 (PAC), 2006 WL 2819730 (S.D.N.Y. Sept. 29, 2006).......................................22

Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.,
    396 F.3d 96 (2d Cir. 2005)................................................................................................. 8, 9

**Other Authorities**

Fed. R. Civ. P. 23...................................................................................................... *passim*

Fed. R. Civ. P. 54(d)(2). ..........................................................................................................3

Herbert B. Newberg & Alba Conte, Newberg on Class Actions (4th ed. 2002) ................. 7, 9, 10

Plaintiffs Ahmad Kholbekov and Adil Erbabaev ("Plaintiffs"), on behalf of themselves and of a class of individuals they seek to represent in the above-captioned matter, and Defendant At Home Solutions, LLC. ("Defendant" and with Plaintiffs, the "Parties"), move for preliminary approval of the proposed Settlement Agreement[1] and Release (the "Agreement" or the "Settlement"). The Parties respectfully request that the Court enter the attached proposed order (the "Proposed Order," Ex. A)[2] preliminarily approving the proposed Settlement, certifying the Proposed Class, appointing Naydenskiy Law Group as Class Counsel, appointing Rust Consulting ("Rust") as the administrator of the Settlement, and approving the proposed notice of class action lawsuit and fairness hearing (the "Proposed Notice" or "Notice," Ex. B).

I.     **BACKGROUND**

   A.     **Allegations of the Complaint**

On December 29, 2016, Plaintiffs filed their Complaint against Defendant, operating a home health aide agency, alleging claims of: (i) failure to pay the correct overtime premium under the New York Labor Law ("NYLL")/Fair Labor Standards Act ("FLSA"). The case was filed on behalf of Named Plaintiffs as well as a proposed class and collective of Home Health Aides ("Class Members").

   B.     **Procedural History**

On December 29, 2016 Named Plaintiffs filed a Complaint alleging that Defendant paid them and Class Members an incorrect overtime rate of pay. Thereafter, the parties engaged in discovery leading up to a class settlement.

---

[1] Capitalized terms not defined herein are defined as set forth in the Agreement.
[2] All exhibits and paragraphs are referred to herein as "Ex. __" and "¶ __," respectively, and attached to the Declaration of Gennadiy Naydenskiy ("Naydenskiy Decl.").

## II.    THE TERMS OF THE PROPOSED SETTLEMENT

### A.    Settlement Consideration

Defendant agreed to pay $150,000.00 into a settlement fund (the "Settlement Fund") to resolve this action on a class basis. ¶ 2.21; Ex. D. The Settlement Fund will be the common claim fund from which: (i) all Class Members who participate in the settlement shall receive their allocated share; (ii) Class Counsel will be compensated and reimbursed for expenses, (iii) Plaintiffs will receive service awards ("Service Awards"), and (iv) the costs of administrating the Settlement will be paid.   Id. at § 4.1-4.2.   Any and all unclaimed settlement funds, and amounts remaining in the Settlement Amount, after the two distributions, and, will be transferred to a *cy pres* fund to benefit the National Employment Lawyers Association, New York.   Id.  at § 4.1(I)(ii).

### B.    Attorneys' Fees and Litigation Costs

Class Counsel will apply for an attorneys' fees award of one-third (33.3%) of the Settlement Fund plus reasonable litigation expenses. Ex. D at § 4.2. The Court need not decide the attorneys' fees and costs issue now, as such determination is properly made after Class Members have the opportunity to consider the contents of the Agreement. Fed. R. Civ. P. 23(h); 54(d)(2).

### C.    Plaintiffs' Service Awards

Plaintiffs are seeking Service Awards in recognition of services rendered to Class Members, which include, *inter alia*: (i) coming forth and engaging Class Counsel to pursue their claims and the claims of Class Members; (ii) providing documents and information to Class Counsel; (iii) assisting in the preparation of the Complaint, (iv) searching for relevant documents, (v) meeting and communicating with Class Counsel during the litigation, or

otherwise making themselves available to answer questions and make decisions on behalf of the class during the mediation, and (viii) undertaking the risk of retaliation by holding their names out in the caption of a publicly filed Complaint. Named Plaintiffs Ahmad Kholbekov and Adil Erbabaev each will seek a Service Award in the amount of $10,000. Ex. D at § 4.1(F).  The Court need not approve these Service Awards until after all Class Members have had the opportunity to fully consider the Agreement.

> **D.**      **Timing of Settlement Payments**

Defendant shall make payment of the Settlement Amount within ten (10) days after the Final Order (defined below). Ex. D at § 4.1(H).  Within ten (10) days of the Effective Date, the Claims Administrator shall mail to all Class Members their distributable shares from the Settlement Fund pursuant to the agreed upon allocation formula.  Id. at § 4.1(I)(i). After a second distribution, any and all unclaimed settlement funds and amounts remaining in the Settlement Fund will be distributed to National Employment Lawyers Association New York.  Id. at § 4.1(I)(ii).

> **E.**      **Settlement Allocation Formula**

The portion of the Settlement Fund payable to the Class Members will be divided among the Class Members according to the following allocation formula:

(i)         One (1) point for every hour in excess of 40 hours per work week from October 13, 2015 through December 31, 2015 and half a point (.5) for every hour in excess of 40 hours per work week from January 1, 2015 through October 12, 2015.

(ii)        The Settlement Fund, after deductions for court-approved attorneys' fees, Service Awards and all other court-approved fees, expenses and disbursements, will be divided by the aggregate number of points accrued by the Named Plaintiffs, Opt-in Plaintiffs,

and all of the Class Members and any points that would have been attributable to any individuals who opted out of the settlement had they remained Class Members ("Point Value").

       (iii)     Each Named Plaintiff's and Class Member's total points will be multiplied by the Point Value to determine his or her "Individual Settlement Amount".

      **F.**      **Settlement Claims Administrator and Notice to Class Members**

Class counsel selected Rust Consulting ("Rust") to serve as a Claims Administrator to administer the Settlement Fund. ¶ 2.1. The Claims Administrator's fees will be paid from the Settlement Fund. Ex. D at § 4.3. Within fifteen (7) days of the filing of the Preliminary Approval Order, Defendant will provide the Settlement Claims Administrator, in electronic form, the following information for all Class Members: name, social security number, last known address and dates of employment within the relevant statutory period, as that information exists on file with Defendant.   Id. at § 3.8. Within twenty-two (22) days of the Preliminary Approval Order, the Settlement Claims Administrator shall mail to all Class Members, via First Class United States Mail, postage prepaid, the Court– approved Notices of Proposed Settlement of Class Action Lawsuit and Fairness Hearing.   Id. at § 3.5.   Rust will take reasonable steps to obtain the correct address of any Class Member whose Notice is returned as undeliverable, and shall attempt one skip trace re-mailing per Class Member.   Id. Thereafter, Rust will administer the Settlement Fund per the terms of the Agreement, with supervision by counsel.

      **G.**      **Eligible Employees**

The Class is defined as all home health aides who worked for AT HOME SOLUTIONS, LLC during the period from January 1, 2015 through December 31, 2015. Id. at § 2.2.

      **H.**      **Release of Claims**

The Agreement contemplates the following with regard to releases:

- Each Class Member who does not timely opt-out of the Settlement will release all New York wage and hour Labor Law State claims, as described more specifically in the Agreement, and will be issued a Settlement check.  Id. at § 5.1.

- Each Class Member who does not timely opt-out of the Settlement and who redeems their Settlement Check will release any claims pursuant to the FLSA, to the extent any claims exist given the statute's three year statute of limitations. Id. at § 5.1(B). To the extent a Class Member does not opt-out of the settlement, but does not redeem his or her Settlement Check, such Class Member shall not release any FLSA Claims. Id.

- Class Members who opt-out of the Settlement will not be subject to a release.  Id. at § 3.9 (D).

## III.   CLASS ACTION SETTLEMENT IS APPROPRIATE

### A.      Procedure for Class Action Settlement

The well-defined class action settlement procedure includes three distinct steps:

1.   Preliminary approval of a proposed settlement after submission to the Court of a written motion for preliminary approval and certification of the settlement class;

2.   Dissemination of notice of settlement to all affected class members; and

3.   A fairness hearing where class members may be heard, and where argument concerning the fairness, adequacy, and reasonableness of the settlement may be presented.

See Fed. R. Civ. P. 23(e); see also Herbert B. Newberg & Alba Conte, Newberg on Class Actions ("Newberg"), §§ 11.22, et seq. (4th ed. 2002).  This process safeguards Class Members' procedural due process rights, and enables the Court to fulfill its role as the guardian of class interests.  Through this motion, Plaintiffs respectfully request that the Court take the first step

and approve the following schedule for final resolution of this matter:

1.  No later than 7 days after preliminary approval, Defendant will provide the Claims Administrator and Class Counsel with a class list including relevant employment and contact information. Ex. D at § 3.8.

2.  No later than 22 days after preliminary approval, the Claims Administrator will mail the Proposed Notice to all Class Members.  Id. at § 3.5.

3.  Class Members will have 60 days after the date the Notice is mailed to opt-out or object to the Settlement ("Opt-Out Period"). Id. at § 3.9.

4.  Within 10 days of Final Approval, Defendant will deposit the Settlement Fund into a Settlement Fund established and administered by the Administrator.  Id. at § 4.1(H).

5.  A fairness hearing will be held as soon as is convenient for the Court after the sixty (60) day Opt-Out period. Id. at § 2.10(B). No later than 15 days prior to the Fairness Hearing, the Settlement Claims Administrator shall provide a final list of all Opt-Out Statements to Class Counsel and to Defendant's counsel. Id. at § 3.3(T). Class Counsel will file a motion for final approval prior to the hearing.  Id. at § 2.15.

6.  If the Court grants final approval of the Settlement, a final order and judgment will be issued ("Final Order"). Id. at § 2.12. If no party seeks reconsideration of or appeals the Final Order, the "Effective Date" will be 30 calendar days after the Final Order is entered. Id. at § 2.11. Otherwise, the "Effective Date" will be the day after all appeals are finally resolved in favor of final approval. Id.

7.  Within 10 days of the Effective Date, the Administrator will pay (i) each Class Member his or her share of the Settlement Fund, (ii) Enhancement Awards to Named Plaintiffs, (iii) Court-approved attorneys' fees and costs to Class Counsel, and (iv) all amounts

owed for claims administration fees and costs. Id. at §§ 4.1(I).

**B.      Preliminary Approval of the Settlement Is Appropriate**

The law favors compromise and settlement of class action suits. See Wal-Mart Stores, Inc. v. Visa U.S.A. Inc., 396 F.3d 96, 116 (2d Cir. 2005) (emphasizing the "strong judicial policy in favor of settlements, particularly in the class action context"). The approval of a proposed class action settlement is a matter of discretion for the trial court. "In exercising this discretion, courts should give proper deference to the private consensual decision of the parties."  Clark    v. Ecolab, Inc., Nos. 07 Civ. 8623 (PAC), 04 Civ. 4488 (PAC), 06 Civ. 5672 (PAC), 2009 WL 6615729, at *3 (S.D.N.Y. Nov. 27, 2009).  "In evaluating the settlement, the Court should keep in mind the unique ability of class and defense counsel to assess the potential risks and rewards of litigation . . . ."  Id. This unique ability is particularly true where, as here, the Parties have engaged in discovery and extensive negotiation which  allowed  them  to  thoroughly  assess  the challenges associated with, *inter alia*, the merits and potential arguments for liability.

Preliminary approval requires only an "initial evaluation" of the fairness of the proposed settlement on the basis of written submissions and an informal presentation by the settling parties.  Clark, 2009 WL 6615729, at *3 (citing Newberg § 11.25).  To grant preliminary approval, the Court need only find that there is "probable cause to submit the [settlement] to class members and hold a full-scale hearing as to its fairness." Puglisi v. TD Bank, N.A., 13 Civ. 637 (LDW) (GRB), 2015 WL 574280, at *1 (E.D.N.Y. Feb. 9, 2015). "Fairness is determined upon review of both the terms of the settlement agreement and the negotiating process that led to such agreement." Frank v. Eastman Kodak Co., 228 F.R.D. 174, 184 (W.D.N.Y. 2005). A "presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery."

Wal-Mart Stores, 396 F.3d at 116.   If the settlement was achieved through experienced

counsels' arm's length negotiations, "[a]bsent fraud or collusion, [courts] should be hesitant to

substitute [their] judgment for that of the parties who negotiated the settlement."   In re EVCI

Career Colls. Holding Corp. Sec. Litig., 05 Civ. 10240 (CM), 2007  WL 2230177, at *4

(S.D.N.Y. July 27, 2007).

### C.        The Settlement Is Fair, Reasonable, and Adequate

In evaluating class settlements, courts generally consider the factors from City of Detroit

v. Grinnell Corp., 495 F.2d 448, 463 (2d Cir. 1974)[3]. Although preliminary approval is merely to

perform an "initial evaluation" to determine whether the settlement falls within "the range of

reasonableness," Newberg §§ 11.25, 11.26, it is useful for the Court to consider these criteria.

Here, the Grinnell factors weigh heavily in favor of approving the Agreement and granting

preliminary approval.

### 1.        Litigation Would Be Complex, Costly, and Long (*Factor 1*)

By reaching a favorable settlement prior to protracted litigation, the Parties seek to avoid

significant expense and delay and ensure recovery for Class Members. "Most class actions are

inherently complex and settlement avoids the costs, delays and multitude of other problems

associated with them."   In re Austrian & German Bank Holocaust Litig., 80 F. Supp. 2d 164, 174

(S.D.N.Y. 2000).

This case is no exception, with the relevant period including a time frame extending from

January 1, 2015 through December 31, 2015, the Settlement of approximately 200 putative Class

---

[3] The Grinnell factors are: (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceeding and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through trial; (7) the ability of the defendant to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund in light of all the attended risks of litigation. See Grinnell, 495 F.2d at 463.

Members, who each have claims under state laws. Indeed, since this litigation was commenced, the Parties have engaged in the production, review, and analysis of discovery, aimed at allowing the parties to come to a place where they could appreciate the strengths and weaknesses of this case, and responsibly engage in settlement discussions. This was a time and resource consuming process. ¶¶ 9-11. Continued litigation would be even more costly and time consuming, and include Plaintiffs' motion for a Rule 23 class action and summary judgment and Defendant's Summary Judgment motion, if any. A trial of this action would be lengthy and complex, consuming the time and resources of all Parties and the Court.  Even after a verdict, any judgment may be appealed. ¶ 23. Settlement, however, makes relief available to Class Members in a prompt, efficient and risk-free manner.  ¶ 24.  For these reasons, the first <u>Grinnell</u> factor weighs in favor of preliminary approval.

### 2.    The Reaction to the Settlement Has Been Positive (*Factor 2*)

Although notice of the Settlement has not been issued formally to Class Members, Named Plaintiffs have expressed their approval of the Settlement by signing the Agreement. Ex. D. This factor can be analyzed fully after the Opt-Out Period has expired and Class Members have had the opportunity to opt-out or object to the Settlement.

### 3.    Sufficient Discovery Has Occurred to Responsibly Settle (*Factor 3*)

The Parties have conducted discovery, which is more than sufficient to resolve the action responsibly. ¶¶ 11-13.  The proper question to ask at this stage is "whether counsel had an adequate appreciation of the merits of the case before negotiating."  <u>In re Warfarin Sodium Antitrust Litig.</u>, 391 F.3d 516, 537 (3d Cir. 2004). "The pretrial negotiations and discovery must be sufficiently adversarial that they are not designed to justify a settlement . . . [but] an aggressive effort to ferret out facts helpful to the prosecution of the suit."  <u>In re Austrian</u>, 80 F.

Supp. 2d at 176.

Here, the discovery exchanged meets this standard. Specifically, Defendant provided Class Counsel with Reports of Class action members' overtime hours worked, and overtime hours paid and an overtime pay shortfall if Plaintiffs' were to prevail. ¶ 12. This information and data was analyzed by Class Counsel. Thereafter, Class Counsel conducted an extensive damages analysis for approximately 200 Class Members.  ¶¶ 15-18. These calculations were extrapolated to enable Class Counsel to determine a reliable estimate, based on substantial data, of class-wide damages.  ¶ 15.

Based on all of the above, the Parties entered into the settlement negotiations with a strong sense of and appreciation for Class Members' claims, the risks and exposure that Defendant faced, and the various obstacles to proving and obtaining judgment favorable to Plaintiffs and Class Members. ¶¶ 11; 19-28.

### 4.    Plaintiffs Would Face Real Risks at Trial  (*Factors 4 and 5*)

Plaintiffs and Class Counsel believe that the case is risky and recognize the risks inherent in a trial. In weighing the risks of establishing liability and damages, the Court "must only weigh the likelihood of success by the plaintiff class against the relief offered by the settlement." In re Austrian, 80 F. Supp. 2d at 177 (internal quotation marks omitted).   A trial on the merits would involve significant risks as to liability and damages. ¶ 25.  Plaintiffs would have to overcome Defendant's defenses, including, *inter alia*:

- Plaintiffs were exempt under the companionship exemption from January 1, 2015 through October 13, 2015.

- Even if Plaintiffs were not exempt, Plaintiffs would not be able to recover liquidated damages for violations occurring from January 1, 2015 through October 13, 2015.

- NYLL 195.1 forms were provided to all Class Members.

¶ 19. While Plaintiffs believe they would ultimately establish Defendant's liability, obtaining this result would require significant factual and legal development and overcoming the existence of certain unfavorable legal decisions. Class Counsel is experienced and realistic, and understands that the outcome at trial and the inevitable appeals process are inherently uncertain in terms of outcome and duration. ¶ 27. The proposed Settlement alleviates these uncertainties.

### 5.   Maintaining the Class Through Trial Would Not Be Simple (*Factor 6*)

The risk of obtaining Rule 23 class certification and maintaining it through trial is also present.  Plaintiffs would need to obtain certification of the New York Labor Law claims. Further, in opposing class certification and/or moving for decertification, Defendant would argue that differences and types of claims among Class Members preclude certification. Plaintiffs also face challenges in meeting the more stringent requirements for Rule 23(b)(3) certification.  Settlement eliminates the risk, expense, and delay that permeate the class certification process.  ¶¶ 21-23; 27.

### 6.   Defendant's Ability to Withstand a Greater Judgment is Not Clear (*Factor 7*)

Whether Defendant is likely to be able to withstand a large judgment is unknown. However, a "defendant's ability to withstand a greater judgment, standing alone, does not suggest that the settlement is unfair." Frank, 228 F.R.D. at 186 (quoting In re Austrian, 80 F. Supp. 2d at 178 n.9).  Here, the Settlement requires Defendant to make payment within 10 days of Final Approval. Ex. D at § 4.1(H). Accordingly, this factor also favors preliminary approval.

7.     **The Settlement Fund is Substantial, Even in Light of the Best Possible Recovery and Attendant Risks of Litigation (*Factors 8 and 9*)**

Defendant agreed to settle this case for $150,000.00 (the "Settlement Amount"). The Settlement amount represents a fair value to Class Members given the attendant risks of litigation, even though recovery could potentially be greater if Plaintiffs attained class certification, succeeded on all claims at trial, and survived an appeal. The determination of whether a settlement amount is reasonable "does not involve the use of a 'mathematical equation yielding a particularized sum.'" Frank, 228 F.R.D. at 186. "Instead, 'there is a range of reasonableness with respect to a settlement – a range which recognizes the uncertainties of law and fact in any particular case and the concomitant risks and costs necessarily inherent in taking any litigation to completion.'" Id. "It is well settled that a cash settlement amounting to only a fraction of the potential recovery will not *per se* render the settlement inadequate or unfair." Officers for Justice v. Civil Serv. Comm'n of City & Cnty. of San Francisco, 688 F.2d 615, 628 (9th Cir. 1982); see also Cagan v. Anchor Sav. Bank FSB, 88 Civ. 3024, 1990 WL 73423 (E.D.N.Y. May 22, 1990) (approving $2.3 million class settlement where "best possible recovery would be approximately $121 million").

Based on Class Counsel's damages analysis, the parties calculated that: (i) the overtime pay shortfall for January 1, 2015 through September 31, 2015 was $146,409.89 (ii) the overtime pay shortfall for October 1, 2015 through December 31, 2015 was $49,427.45 and (iii) liquidated damages for October 1, 2015 through December 31, 2015 would be $49,427.45.

Defendant arguably had a number of viable defenses to each claim, including but not limited to (i) Plaintiffs were exempt under the companionship exemption from January 1, 2015 through October 13, 2015; (ii) even if Plaintiffs were not exempt, Plaintiffs would not be able to

recover liquidated damages for violations occurring from January 1, 2015 through October 13, 2015; and (iii) NYLL 195.1 forms were provided to all Class Members.

Weighing the benefits of the Settlement against the available evidence and the risks associated with proceeding with litigation, the Settlement amount is reasonable and represents a fair value to Class Members warranting preliminary approval. The total Settlement amount is $150,000.00. Even when this amount is reduced by attorneys' fees and expenses, Enhancement Awards, and claims administration costs, the remainder will still be substantial, and represents a significant percentage of the potential total class wide recovery calculated by Class Counsel. Plaintiffs have been advised of the potential upside of proceeding on the merits, but believe the Settlement is in the best interests of the Class Members they represent. ¶29.

Therefore, this factor weights in favor of preliminary approval. Because the Settlement, on its face, is "fair, adequate, and reasonable, and not a product of collusion," the Court should grant preliminary approval.  See Frank, 228 F.R.D. at 184 (internal quotations omitted).


## IV.     **PROVISIONAL CERTIFICATION OF THE RULE 23 CLASS ISAPPROPRIATE**

For settlement purposes, Plaintiffs seek to certify the following Proposed Class under Rule 23(e):

Named Plaintiffs and all home health aides who worked for AT HOME SOLUTIONS, LLC during the period from January 1, 2015 through December 31, 2015, Ex. D at § 1.3. As discussed below, this Proposed Class meets the requirements for class certification for settlement purposes, and Defendant consents to provisional certification for settlement purposes only.

Provisional class certification and appointment of Class Counsel have several practical purposes, including avoiding the costs of litigating class status while facilitating a global

settlement, ensuring notification to all Class Members of the terms of the proposed Agreement, and setting a date and time of the final approval hearing. A class action may be maintained if all of the prongs of Rule 23(a) are met, plus one of the prongs of Rule 23(b).  Rule 23(a) requires:

(1)     the class is so numerous that joinder of all members is impracticable;

(2)     there are questions of law or fact common to the class;

(3)     the claims or defenses of the representative parties be typical of the claims or defenses of the class; and

(4)     representative parties fairly and adequately protect the interests of the class.

Rule 23(b)(3) requires the court to find that:

questions of law or fact common to the class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. Id. at (b)(3).  "In the Second Circuit, 'Rule 23 is given liberal rather than restrictive construction, and courts are to adopt a standard of flexibility.'" Reade-Alvarez v. Eltman, Eltman &  Cooper, P.C., 237 F.R.D. 26, 31 (E.D.N.Y. 2006).  The Rule 23 requirements are satisfied herein.

### A.      Numerosity

There are approximately 200 putative Class Members, which is more than sufficient for numerosity. ¶ 6; see, e.g., Novella v. Westchester County, 443 F. Supp. 2d 540, 546-47 (S.D.N.Y. 2006) (finding a class of 24 to be sufficient).

### B.      Commonality

The purpose of the commonality requirement is to test "whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." <u>Gen. Tel. Co. of SW v. Falcon</u>, 457 U.S. 147, 157 n.13 (1982). Although the claims need not be identical, they must share common questions of fact or law.  <u>See Port Auth. Police Benev. Ass'n, Inc. v. Port Auth. of N.Y. & N.J.</u>, 698 F.2d 150, 153-54 (2d Cir. 1983).

The claims of Plaintiffs and Class Members have common issues, including whether Defendant complied with the overtime requirements of the NYLL.

### C.      <u>Typicality</u>

Rule 23 requires that the claims of the representatives be typical of the claims of the class, but "does not require the representative party's claims to be identical to those of all class members."  <u>Frank</u>, 228 F.R.D. at 182. "Minor variations . . . underlying individual claims" do not defeat typicality when the defendant directs "the same unlawful conduct" at the named plaintiffs and the class.  <u>Robidoux v. Celani</u>, 987 F.2d 931, 936-37 (2d Cir. 1993).

Plaintiffs' claims arise from the same factual and legal circumstances that form the bases of Class Members' claims because Defendant applied the same wage practices, policies and structures to all putative Class Members <u>see e.g. Reyes v. Buddha-Bar NYC</u>, 08 Civ. 02494(DF), 2009 WL   5841177, at *2 (S.D.N.Y. May 28, 2009) (typicality satisfied where plaintiffs' and class members' claims arose from same factual and legal circumstances.

### D.      <u>Adequacy of Named Plaintiff</u>

Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(4). To determine whether a plaintiff will be an adequate class representative, courts inquire as to whether: "(1) plaintiff's interests are

antagonistic to the interest of other members of the class and (2) plaintiff's attorneys are qualified, experienced and able to conduct the litigation."  Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp., 222 F.3d 52, 60 (2d Cir. 2000).  Here, there has been no assertion that Named Plaintiffs have interests that are antagonistic with those of Class Members.  Rather, Named Plaintiffs have shown their commitment to the Proposed Class by, *inter alia*: (i) participating in the prosecution of this litigation; (ii) searching for documents relevant to the action; (iii) answering questions pertaining to the claims and defenses in this case; and (iv) meeting and communicating with Class Counsel at all stages of the litigation.  ¶ 14.

### E.    Certification Is Proper Under Rule 23(b)(3)

Rule 23(b)(3) requires that common questions of law or fact be present and "predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). This inquiry examines "whether proposed classes are sufficiently cohesive to warrant adjudication by representation."  Amchem Prods. Inc. v. Windsor, 521 U.S. 591, 623 (1997).

#### 1.    Common Questions Predominate

To establish predominance, Plaintiffs must demonstrate that "the issues in the class action that are subject to generalized proof, and thus applicable to the class as a whole . . . predominate over those issues that are subject only to individualized proof."  Cordes & Co. Fin. Servs., Inc. v. A.G. Edwards & Sons, Inc., 502 F.3d 91, 108 (2d Cir. 2007). The essential inquiry is whether "liability can be determined on a class-wide basis, even when there are some individualized damage issues." Marriott v. Cnty. of Montgomery, 227 F.R.D. 159, 173 (N.D.N.Y. 2005). Where plaintiffs' claims are "unified by a common legal theory" and by common facts, the predominance requirement is satisfied. McBean v. City of New York, 228 F.R.D. 487, 502

(S.D.N.Y. 2005).

Here, Named Plaintiffs assert – and Defendant agrees for settlement purposes – that the core factual allegations and legal theories predominate over any factual or legal variations among Class Members. See e.g. Torres v. Gristede's Corp., 04 Civ. 3316 (PAC), 2006 WL 2819730 at *16 (S.D.N.Y. Sept. 29, 2006) (predominance satisfied where plaintiffs "introduced sufficient proof that Defendant engaged in a common practice to deny employees overtime pay").

### 2.   A Class Action Is a Superior Mechanism

A Rule 23(b)(3) analysis also calls for an examination of whether "the class action device [is] superior to other methods available for a fair and efficient adjudication of the controversy." Green v. Wolf Corp., 406 F.2d 291, 301 (2d Cir. 1968).  Rule 23(b)(3) provides a non-exclusive list of factors pertinent to judicial inquiry into the superiority of a class action, including: the class members' interests in individually controlling the prosecution or defense of separate actions; whether individual class members wish to bring individual actions; and the desirability of concentrating the litigation of the claims in a particular forum.  Fed. R. Civ. P 23(b)(3).

Class adjudication of this case is superior to individual adjudication because it will conserve judicial resources and be more efficient for Class Members, particularly those Class Members who lack the resources to bring their claims individually.   See Khait v. Whirlpool Corporation, 06 Civ. 6381 (ALC), 2010 WL 2025106, at *3 (E.D.N.Y. Jan. 20, 2010). Here, Named Plaintiffs and Class Members, who are or were home health aides, do not have substantial financial resources to prosecute individual actions. ¶ 30. Class Counsel is also unaware of any pending individual lawsuits filed by Class Members arising from the same allegations. ¶ 31. Concentrating the litigation in this Court is desirable because Defendant conducts a substantial amount of their business within the jurisdiction of this Court. ¶ 32.  In

addition, the class action device will avoid the waste and delay of potentially repetitive proceedings and inconsistent judgments if certification were denied.  ¶ 33.

## V.   PLAINTIFFS' COUNSEL SHOULD BE APPOINTED AS CLASS COUNSEL

Rule 23(g) sets forth four criteria the Court should consider in evaluating the adequacy of proposed counsel: (i) "the work counsel has done in identifying or investigating potential claims in the action;" (ii) "counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;" (iii) "counsel's knowledge of the applicable law;" and (iv) "the resources that counsel will commit to representing  the class." Fed. R. Civ. P. 23(g)(1)(A). The Court may also consider any other matters pertinent to counsel's ability to fairly and adequately represent the interests of the class.  See Fed. R. Civ. P. 23(g)(1)(B).

Naydenskiy Law Group, P.C. ("NLG") has met these criteria. NLG has done substantial work identifying, investigating and prosecuting Plaintiffs' claims. Additionally, NLG has substantial experience prosecuting and resolving wage and hour actions and is well-versed in the substantive law at issue, and is well-qualified to represent the interests of the class. ¶¶ 34-35; *See Ivans, et. al. v. Sukhmani Inc. et. al.*, 15-cv-1915 (SDNY) (Appointing NLG as Class Counsel). Finally, as will be more evident when Plaintiffs file their motion seeking the Court's approval for attorneys' fees and reasonable litigation costs, NLG has committed substantial resources in prosecuting and settling this action.  ¶ 36.  Thus, NLG should be appointed as Class Counsel.

## VI.   THE PROPOSED NOTICE AND AWARD DISTRIBUTION ARE FAIR

The content of the Proposed Notice fully complies with due process and Federal Rule of Civil Procedure 23.  Pursuant to Rule 23(c)(2)(B), a class action notice must provide: the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must clearly and concisely state in

plain, easily understood language:

(i)      the nature of the action;

(ii)     the definition of the class certified;

(iii)    the class claims, issues, or defenses;

(iv)     that a class member may enter an appearance through an attorney if desired;

(v)      that the court will exclude from the class any member who requests exclusion;

(vi)     the time and manner for requesting exclusion; and

(vii)    the binding effect of a class judgment on members under Rule 23(c)(3).


The Proposed Notice satisfies these requirements. Additionally, it describes the settlement allocation to each Class Member, the terms of the Agreement, the details of the final fairness hearing, how to object or opt-out of the Settlement, and also details the proposed attorney's fees and Enhancement Awards.  Ex. B.

Lastly, the Settlement Fund distribution is fair.  Class Members will receive a Settlement share based largely on the number of overtime hours worked and the specific time periods in which they worked. Ex. D at § 4.1. This method is appropriate because the number of overtime hours worked and time periods in which they worked directly correlates with, and provides a reliable approximate for, the amount of damages for unpaid wages under each cause of action.

## **CONCLUSION**

For the reasons set forth above, Plaintiffs respectfully request that the Court preliminarily approve the Settlement, conditionally certify the Proposed Class, appoint Naydenskiy Law Group, P.C. as Class Counsel, approve the Proposed Notice, and enter the Proposed Order.

Dated: June 27, 2017

NAYDENSKIY LAW GROUP, P.C.

_____s/_____
Gennadiy Naydenskiy (GN5601)
1517 Voorhies Ave, 2nd Fl.
Brooklyn, NY 11235
(718) 808-2224
naydenskiylaw@gmail.com
*Attorney for Plaintiffs and Class Members.*