**NAYDENSKIY LAW GROUP, P.C.**
*517 Brighton Beach Ave, 2nd Fl., Brooklyn NY 11235,*
*Naydenskiylaw@gmail.com, (718) 808-2224*

---

November 22, 2017

**BY ECF**

**Honorable Judge Steven M. Gold**
**United States Magistrate Judge**
**Eastern District of New York**
**225 Cadman Plaza East**
**Brooklyn, NY 11201**

RE:   *Kholbekov, et. al. v. At Home Solutions, LLC. (16-cv-7162) (SMG)*

**LETTER**

Dear Honorable Judge Gold:

In accordance with Your Honor's directives during the October 31, 2017 conference, the Parties jointly submit (1) a stipulation to amend the settlement agreement (attached herein as Exhibit A), (2) proposed Order (attached herein as Exhibit B)[1] and, (3) proposed notice to class members (attached herein as Exhibit C). We ask that the Court for preliminary approval of the class action settlement agreement with the amendment.

We thank the Court for its attention to this matter.

NAYDENSKIY LAW GROUP, P.C.

_____s/_____
Gennadiy Naydenskiy (GN5601)
517 Brighton Beach Ave, 2nd Fl.
Brooklyn, NY 11235
(718) 808-2224

---

[1] Plaintiffs' counsel edited the originally submitted proposed Order to reflect counsels' new office address.

naydenskiylaw@gmail.com
*Attorney for Plaintiffs and putative Class Members*

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| AHMAD KHOLBEKOV, ADIL ERBABAEV, individually and on behalf of all others similarly situated,<br><br>                    Plaintiffs,<br>- against –<br><br>AT HOME SOLUTIONS, LLC.<br>                              Defendant. | Index No. 16-cv-7162 (SMG)<br><br>**STIPULATION** |

WHEREAS, no party to this action is an infant, incompetent person for whom a committee has been appointed or conservatee, and no person not a party has an interest in the subject matter of the action;

IT IS HEREBY STIPULATED AND AGREED by and between Plaintiffs AHMAD KHOLBEKOV, ADIL ERBABAEV, individually and on behalf of all others similarly situated and Defendant AT HOME SOLUTIONS, LLC. that Paragraph 4.1(E) in the parties' settlement agreement, ECF filed on June 27, 2017, be amended to reflect the following:

"Service Awards". subject to court approval, Service Awards will be paid to the following individuals based on the services they provided to the Class as follows: (1) $3,000 to Ahmad Kholbekov and (2) $3,000 to Adil Erbabaev."

_____          Date:
AHMAD KHOLBEKOV

_____          Date:
ADIL ERBABAEV

_____          Date: 11/21/2017
AT HOME SOLUTIONS, LLC.

_____
By: Simon Arnshtein

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| AHMAD KHOLBEKOV, ADIL ERBABAEV, individually and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br>- against –<br><br>AT HOME SOLUTIONS, LLC.<br>      Defendant. | Index No. 16-cv-7162 (SMG)<br><br>**STIPULATION** |

WHEREAS, no party to this action is an infant, incompetent person for whom a committee has been appointed or conservatee, and no person not a party has an interest in the subject matter of the action;

IT IS HEREBY STIPULATED AND AGREED by and between Plaintiffs AHMAD KHOLBEKOV, ADIL ERBABAEV, individually and on behalf of all others similarly situated and Defendant AT HOME SOLUTIONS, LLC. that Paragraph 4.1(E) in the parties' settlement agreement, ECF filed on June 27, 2017, be amended to reflect the following:

"Service Awards". subject to court approval, Service Awards will be paid to the following individuals based on the services they provided to the Class as follows: (1) $3,000 to Ahmad Kholbekov and (2) $3,000 to Adil Erbabaev."

_____   Date: 11, 20, 2017
AHMAD KHOLBEKOV


_____   Date:
ADIL ERBABAEV


_____   Date:
AT HOME SOLUTIONS, LLC.


_____
By:

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| AHMAD KHOLBEKOV, ADIL ERBABAEV, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> - against – <br><br> AT HOME SOLUTIONS, LLC. <br> Defendant. | Index No. 16-cv-7162 (SMG) <br><br> **STIPULATION** |

WHEREAS, no party to this action is an infant, incompetent person for whom a committee has been appointed or conservatee, and no person not a party has an interest in the subject matter of the action;

IT IS HEREBY STIPULATED AND AGREED by and between Plaintiffs AHMAD KHOLBEKOV, ADIL ERBABAEV, individually and on behalf of all others similarly situated and Defendant AT HOME SOLUTIONS, LLC. that Paragraph 4.1(E) in the parties' settlement agreement, ECF filed on June 27, 2017, be amended to reflect the following:

"Service Awards". subject to court approval, Service Awards will be paid to the following individuals based on the services they provided to the Class as follows: (1) $3,000 to Ahmad Kholbekov and (2) $3,000 to Adil Erbabaev."

_____     Date:
AHMAD KHOLBEKOV

*Adil Erbabaev (Nov 21, 2017)*
_____     Date: Nov 21, 2017
ADIL ERBABAEV

_____     Date:
AT HOME SOLUTIONS, LLC.

_____
By:

# EXHIBIT B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| AHMAD KHOLBEKOV, ADIL ERBABAEV, individually and on behalf of all others similarly situated,<br><br>                    Plaintiffs,<br>- against –<br><br>AT HOME SOLUTIONS, LLC.<br>                    Defendant. | 16-cv-7162 (RRM) (SMG) |

## [PROPOSED] ORDER PRELIMINARILY APPROVING THE PROPOSED SETTLEMENT

The above matter came before the Court for Preliminary Approval of the Proposed Settlement, Certification of the Settlement Class, Appointment of Named Plaintiff's Counsel, Naydenskiy Law Group, P.C., as Class Counsel, Appointment of Rust Consulting, Inc. ("Rust") as administrator of the settlement ("Claims Administrator" or "Administrator") and Approval of the Proposed Notice of Proposed Settlement of Class Action Lawsuit and Fairness Hearing (the "Proposed Notice" or "Notice") (collectively, the "Proposed Order").

      1.      Based upon the Court's review of the motion papers filed by Named Plaintiffs Ahmad Kholbekov and Adil Erbabaev (together referred to as, "Plaintiffs"), including the Declaration of Gennadiy Naydenskiy ("Naydenskiy Decl."), and all other papers submitted in connection with the Motion for Preliminary Approval, the Court grants preliminary approval of the settlement memorialized in the Settlement Agreement and Release (the "Agreement") by and between Plaintiffs and Defendants (the "Parties").

2. The Court provisionally certifies the following class under Federal Rule of Civil Procedure 23(e), for settlement purposes only ("Class Members" or the "Proposed Class") as:

All home health aides who worked for AT HOME SOLUTIONS, LLC during the period of January 1, 2015 through December 31, 2015

3. The Proposed Class meets all of the requirements for class certification under Federal Rule of Civil Procedure 23(a) and (b)(3).

4. The Court appoints Naydenskiy law Group, P.C. ("Class Counsel"), 517 Brighton Beach Ave, 2nd Fl, Brooklyn, New York 11235, as Class Counsel because the firm meets all of the requirements of Federal Rule of Civil Procedure 23(g).

5. The Court appoints Rust Consulting as Claims Administrator, who will be responsible for administering the settlement.

6. The Court approves the proposed Notice of Class Action Lawsuit and Fairness Hearing (the "Proposed Notice"), attached as Exhibit B to the Naydenskiy Decl., and directs its distribution to the Class Members.

7. The Court hereby sets the following settlement procedure:

a. Within 7 days after the entry of this Order, Defendant will provide the Claims Administrator with a list (the "Class List") in electronic form containing each of the Class Members' (1) names, (2) last known addresses, phone numbers and email addresses (if known and to the extent that such records exist), (3) job positions, (4) dates of employment, and (5) social security numbers, if available.

b. Within 22 days after the entry of this Order, the Claims Administrator shall mail the Proposed Notice to each Class Member via First Class Mail (postage prepaid) through the

2

United States Postal Service.

     c.     The Proposed Class will have 60 days after the date the Proposed Notice is mailed to opt-out of or object to the Agreement (the "Opt-Out Period").

     d.     The Court will hold a fairness hearing on _____ [INSERT DATE NO SOONER THAN 90 DAYS OF THE DATE OF THIS ORDER] at _____ a.m./p.m. at the United States District Court, Eastern District of New York, 225 Cadman Plaza East, Brooklyn, New York 11201.

     e.     No later than 15 days prior to the Fairness Hearing, the Claims Administrator shall certify jointly to Class Counsel and to Defendants' counsel a final list of all Opt-Out statements received during the Opt-Out Period.

     f.     No later than 14 days prior to the fairness hearing, Plaintiffs will submit a Motion for Final Approval of Settlement, Payment of Service Awards and Payment of Class Counsel's Legal Fees ("Final Approval Motion").

     g.     After the fairness hearing, if the Court grants the Final Approval Motion, the Court will issue a Final Approval Order. If no party appeals the Final Approval Order, the "Effective Date" of the Agreement will be 30 days after the Court enters its Final Approval Order.

     h.     Within 10 days after the entry of the Final Approval Order, Defendant will deposit One Hundred and Fifty Thousand Dollars and Zero Cents ($150,000.00) plus applicable tax payments into an escrow account established and administered by the Claims Administrator.

     i.     The Claims Administrator will disburse the first distribution of settlement checks to the Proposed Class, Court-approved attorneys' fees and costs, Court-approved enhancement awards, and Court-approved Claims Administrator's fees within 10 days of the Effective Date.

j. The Parties shall abide by all terms of the Agreement, including, but not limited to, those terms addressing the timing and method of Defendants' payments into a settlement fund, and disbursal of same by the Claims Administrator to the Proposed Class.

It is so ORDERED this ___ day of _____, 2017.

_____
The Honorable Steven M. Gold
United States Magistrate Judge

4

# EXHIBIT C

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| AHMAD KHOLBEKOV, ADIL ERBABAEV, individually and on behalf of all others similarly situated,<br><br>                             Plaintiffs,<br><br>- against –<br><br>AT HOME SOLUTIONS, LLC.<br>                             Defendant. | 16-cv-7162 (RRM) (SMG) |

**NOTICE OF PROPOSED CLASS AND COLLECTIVE ACTION SETTLEMENT**

TO: ALL HOME HEALTH AIDES WHO WORKED OVERTIME HOURS FOR AT HOME SOLUTIONS, LLC. FROM JANUARY 1, 2015 THROUGH DECEMBER 31, 2015.

DATED:_____, 2017

THIS IS A COURT APPROVED NOTICE PLEASE READ THIS NOTICE CAREFULLY

You may be entitled to receive money under a proposed class and collective action settlement. Named Plaintiffs Ahmad Kholbekov and Adil Erbabaev (hereinafter collectively "Plaintiffs") and Defendants encourage you to participate in this Settlement if you are eligible. Defendants will not retaliate against any current or former employees who claim their share of this proposed Settlement.

The Court has decided that the lawyers at the law firm Naydenskiy Law Group, P.C. are qualified to represent you and all Class Action Members. These lawyers have been designated as "Class Counsel" in this lawsuit. If you have any questions regarding this notice, or questions concerning the calculation of your share of the Settlement Fund, contact Class Counsel, Naydenskiy Law Group, P.C. 517 Brighton Beach Ave, Second Floor, Brooklyn, New York, 11235; Tel: (800) 789-9396; naydenskiylaw@gmail.com;

IMPORTANT DEADLINES FOR CLASS MEMBERS

- Last Day To "Opt Out" Of The Settlement Class: [60 days after mailing]
- Last Day To Object To The Settlement: [60 days after mailing]
- Fairness Hearing: [Enter date, time, and location]

**WHAT IS A CLASS ACTION?**

A class action is a lawsuit in which the claims and rights of many people are decided in a single court proceeding. One or more representative plaintiffs, also known as "class representatives," file a lawsuit asserting claims on behalf of the entire class. In this case, the Class consists of all employees who worked for At Home Solutions, LLC. as a home health aide from January 1, 2015 through December 31, 2015 ("Class Members"). Here, the claims of the class related to alleged

1

violations of the New York Labor Law ("NYLL").

## WHAT IS THE PURPOSE OF THIS NOTICE?

Judge Steven M. Gold has ordered that this Notice be sent to you, USPS first call mail, because you may be a Class Member. The purpose of this Notice is to inform you of your rights under a proposed settlement.

## WHAT IS THIS CASE ABOUT?

The lawsuit alleged that Defendants violated the Fair Labor Standards Act ("FLSA") and NYLL by failing to provide Class Members appropriate overtime compensation for hours worked in excess of 40 per week and provide accurate wage statements on each pay week. Defendants deny these allegations and deny any violation of the law in any way.

## WHAT ARE THE TERMS OF THE SETTLEMENT AGREEMENT?

If the settlement is approved by the Court, the Defendants, will pay a maximum total of $150,000.00 (the "Settlement Fund"). The Settlement Fund will be funded within 10 days of the Court's Final approval of the class action settlement. If the Court approves the payments set forth below, the following payments and expenses will be deducted from the Settlement Fund, prior to distribution of funds to Class and Collective Members:

- Service Awards:  If the Court approves such payments, service awards will be paid as follows: (1) $3,000 to Ahmad Kholbekov and (2) $3,000 to Adil Erbabaev.

- Attorneys' Fees and Costs: Class Counsel will apply to the Court for attorneys' fees in the amount of 1/3 of the settlement amount and costs.

## DISMISSAL OF CASE AND RELEASE OF CLAIMS

In exchange for the payments set forth above, the lawsuit will be dismissed with prejudice, and the Class will fully release and discharge the Defendant from any wage and hour claims that were or could have been asserted in this lawsuit under the NYLL and its implementing regulations. For individuals who cash their checks, federal claims under the FLSA will also be released. It is very important that you understand the terms of the Release. The Court will not further consider these claims and once they are released, no one covered by the Release can sue Defendant over those claims in the future.

## WHAT ARE YOUR OPTIONS?

You have several options. Make sure you read this section carefully.

### 1. Participate in the Settlement:

If you are a Class Member and do not opt out of this Settlement, you will recover a share of the Settlement Fund.  If you wish to recover a share of the Settlement Fund, you should take no action.

## 2. Opt Out of the Settlement Class:

If you do not wish to participate in the settlement of the class claims, or you want to retain the right to pursue your own lawsuit, you can opt out of the Settlement. <u>If you do not opt out, you will be bound by the terms of this Settlement and your New York State law claims will still be released</u>. To opt out, you must send a letter which includes your name, current address, and telephone number. It must also include the following sentence: "I elect to exclude myself from the settlement in *Kholbekov, et. al. v. At Home Solutions, LLC.*, Case No. 16-cv-7162 (SMG)." Any such written exclusion must be postmarked no later than [60 days after mailing]. If you choose to opt out of the settlement, you cannot object to the settlement or speak at the Fairness Hearing. If you choose to opt out, send your letter to:

> AT HOME SOLUTIONS SETTLEMENT
> ADMINISTRATOR C/O RUST
> CONSULTING INC.
> PO BOX 2396
> FARIBAULT, MN 55021-9096

## 3. Objecting to the Settlement:

If you wish to object to the proposed Settlement, the proposed plan of allocation of the settlement funds, or the application for attorneys' fees and costs, or service awards, you may do so. If you object and the Court approves the settlement, you will be bound by the settlement, and your claims will be released. You are not required to submit a comment or objection. To submit an objection you must send a letter explaining the reason for your objection which includes your name, current address, and telephone number. It must also include the following sentence: "I object to the settlement in *Kholbekov, et. al. v. At Home Solutions, LLC.*, Case No. 16-cv-7162 (SMG)" Written objections must be post-marked no later than [60 days after mailing], and sent to:

> AT HOME SOLUTIONS SETTLEMENT
> ADMINISTRATOR C/O RUST
> CONSULTING INC.
> PO BOX 2396
> FARIBAULT, MN 55021-9096

## 4. When and What is the Fairness Hearing and Do I need to attend?

A hearing before the Honorable Judge Steven M. Gold will be held on [date and time of hearing] at the United States District Court for the Eastern District of New York, 225 Cadman Plaza East, Brooklyn, New York 11201, in Courtroom 13-D (the "Fairness Hearing"). The purpose of the Fairness Hearing will be for the Court to consider whether the Settlement is fair, reasonable, and adequate. If there are any objections timely mailed, the Court will consider them. After the hearing, the Court will decide whether to approve the Settlement.

You are not required to attend the Fairness Hearing, even if you filed an objection. Class Counsel will represent you at the hearing. Of course, you are welcome to attend with or without your own lawyers (at your own expense) if you so desire.

## HOW WILL MY SHARE BE CALCULATED IF I PARTICIPATE?

Each Class Member who does not opt out of the Settlement will receive a share of the Settlement Fund that remains after the deductions of the Service Awards, Attorneys' Fees and Costs listed above. Your share will depend on the number of overtime hours that you worked at At Home Solutions, LLC. during the relevant period. If you take no action, you will receive this payment.

The Settlement Fund will be distributed to each Class Member who does not opt out of the settlement class according to the following formula:

(i) Class Members shall receive One (1) point for every hour in excess of 40 hours per work week from October 13, 2015 through December 31, 2015 and half a point (.5) for every hour in excess of 40 hours per work week from January 1, 2015 through October 12, 2015.

The Settlement Fund, after deductions for court approved attorneys' fees, Service Awards, and all other court approved expenses or disbursements, will be divided by the aggregate number of points accrued by all of the Class Members and any points that would have been attributable to any individuals who opted out of the settlement had they remained a Class Members ("Point Value"). Each Class Member's total points will be multiplied by the Point Value to determine his/her "Individual Settlement Amount."

Each Individual Settlement Amount will be apportioned as 50% unpaid wages and 50% liquidated damages. The unpaid wage portion shall be paid subject to all tax withholdings required by law. You will receive a form W-2 for the unpaid wage portion and a form 1099-MISC for the liquidated damages portion.

## PAYMENTS AND UNCASHED CHECKS

The Claims Administrator shall, within ten (10) business days after the Final Effective Date has passed, send the Settlement Checks comprising the Plaintiffs' Individual Settlement Amounts, Plaintiffs' Counsels' approved professional fees and expenses, and any Service Awards for Plaintiffs to the Class Members, Collective Members, Service Award recipients and Plaintiffs' Counsel.

Class Members will have sixty (60) days from the date that the checks are mailed to cash their checks. After the expiration of that period, to the extent that any funds remain in the Settlement Fund, the Administrator will distribute the balance to the Class Members who have cashed their checks on a pro rata basis. All unclaimed amounts after this second distribution will be provided to National Employment Lawyers Association, New York.

## TAX TREATMENT

The Claims Administrator will issue each Class Member who has cashed a check an IRS Form W-2 for that portion of the Class Member's settlement payment which is being treated as wages, and an IRS Form 1099 for the portion of the Class Member's settlement payment which is being treated as liquidated damages and interest. Other than the Defendants' portion of the withholdings, Class Members are responsible for the appropriate payment of any taxes on the payments they receive.

Class Counsel and Defendants' Counsel do not intend this Notice to constitute tax advice. To the extent that this Notice is interpreted to contain or constitute advice regarding any federal, state or local tax issue, such advice is not intended or written to be used, and cannot be used, by any person for the purpose of avoiding any tax liability or penalties.

If you are presently a party to an individual bankruptcy proceeding, it may be necessary for you to advise the trustee of this settlement.

By Order of the Court Dated: [date of Court Order]