```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
AHMAD KHOLBEKOV, ADIL ERBABAEV,              :
individually and on behalf of all others similarly :
situated,                                    :
                                             :        ORDER
                              Plaintiffs,    :        16-CV-7162 (SMG)
                                             :
        -against-                            :
                                             :
AT HOME SOLUTIONS, LLC,                      :
                                             :
                              Defendant.     :
-----------------------------------------------------------------x
```

GOLD, STEVEN M., U.S. Magistrate Judge:

Named plaintiffs Ahmad Kholbekov and Adil Erbabaev ("Plaintiffs") bring this action on behalf of themselves and similarly situated employees of defendant At Home Solutions, LLC ("At Home"), alleging violations of New York and Federal labor laws. *See* Complaint ("Compl.") ¶¶ 1-2, Docket Entry 1. On June 27, 2017, plaintiffs filed the present unopposed motion for conditional certification of the class and preliminary approval of their proposed settlement agreement pursuant to Fed. R. Civ. P. 23. Docket Entry 11. On July 14, 2017, the parties consented to reassignment of this action to me for all purposes. Docket Entry 12.

A hearing on plaintiffs' motion was held on October 31, 2017. At the hearing, I posed questions about the motion and directed the parties to further explain certain aspects of the settlement and to make minor modifications to the proposed notice. *See* Transcript of Proceedings held on October 31, 2017 ("Tr."), Docket Entry 14. The parties subsequently submitted a revised notice, a stipulation altering the amount sought in service awards, and a revised proposed order. Docket Entry 16.

The parties' most recent submissions, together with the clarifications they offered during the hearing, adequately address the Court's concerns about the fairness and adequacy of the settlement. In particular, at the hearing counsel explained why, despite the New York Labor Law's six year statute of limitations, the proposed settlement provides compensation only for a period from January 1, 2015 to December 31, 2015. *See* Tr. 3:8-14. The parties have likewise more thoroughly explained why overtime hours worked from October 13, 2015 until December 31, 2015 are weighted more heavily in the settlement than overtime hours worked in 2015 prior to October 13 of that year. Tr. 6:21-7:16.

The parties have also responded to the Court's inquiry about why a class action pursuant to Fed. R. Civ. P. 23 would be superior to a collective action under FLSA § 216(b). The parties expect that more employees would participate, and a greater degree of finality might result— facts that presumably garnered a larger common fund from the defendant in settlement. Tr. 4:13-19. In addition, plaintiffs allege in their complaint that class members in this case may fear retaliation and therefore be unlikely to join a § 216(b) action, but be more inclined to remain in a class action that will provide them a recovery without requiring them to take any affirmative steps to join the litigation. *See* Compl. ¶ 37. I find for these reasons that a class action is "superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). *See Guzman v. VLM, Inc.*, 2008 WL 597186, at *8 (E.D.N.Y. 2008) ("[M]any employees will be reluctant to participate in [an] action due to fears of retaliation . . . [s]een in this light, the opt-out nature of a class action is a valuable feature lacking in an FLSA collective action.").

The parties' original motion for class certification proposed service awards to the two named plaintiffs of $10,000 each. In response to questions raised at the hearing, the parties have

2

submitted a stipulation that amends paragraph 4.1(E) of the settlement agreement to provide for service awards to the named plaintiffs of $3,000 each. *See* Motion for Preliminary Approval Ex. A, Docket Entry 16. Although I need not now determine the amount of the service awards I will approve, if any, I nevertheless alert the parties that I am skeptical about whether I will be persuaded that even the reduced amount, $3,000, is an appropriate award. The total settlement amount is $150,000. The parties estimate that there are 200 class members. Plaintiffs' attorney seeks $50,000 in legal fees. Accordingly, if the Court approves the fees and service awards sought, the average recovery per class member would be $470 ($94,000 divided among 200 class members), assuming all class members participate. Thus, the proposed service award is more than six times the amount the average class member is likely recover. Yet the named plaintiffs were not deposed and make no claim that they have been subjected to retaliation for initiating this lawsuit. Under these circumstances, the proposed service awards seem high.

Nevertheless, and for the reasons stated above, the parties' motion is granted and the Court is prepared to enter the proposed Order Preliminarily Approving the Proposed Settlement submitted as Exhibit B to Docket Entry 16. Counsel shall submit a revised version of the proposed order by January 30, 2018 that includes a specific date for a fairness hearing, after contacting my chambers to determine the Court's availability for a fairness hearing.

_____/s/_____
STEVEN M. GOLD
United States Magistrate Judge

Brooklyn, New York
January 23, 2018

U:\#DJM 2017-2018\Kholbekov v. At Home Solutions, LLC 16-CV-7162 (SMG)\Preliminary Approval Order (Revised).docx